11 U.S. 113
 7 Cranch 113
 3 L.Ed. 286
 THE UNITED STATES
v.
THE BRIG ELIZA.
 February 22, 1812
 
 1
 Present. all the judges.
 
 
 2
 THIS was an appeal from the sentence of the Circuit Court for the district of Delaware, which affirmed that of the district Court which dismissed the libel, and ordered the vessel to be restored. She had been seized by the collector of the district of Delaware, for having pro- 'ceeded to a foreign port or place,' (viz: to Havanna) contrary to the 3d section of the act of January 9th, 1808, (vol. 9. p. 11,) 'supplementary to the act, entitled an act laying an embargo on all ships and vessels in the ports and harbors of the United States;' and for having exported from the United States sundry goods, &c. contrary to the 4th section of the act of March 12th, 1808, in addition to the act, entitled an act supplementary to the act, entitled an act laying an embargo,' &c. (vol. 9.p. 71.)
 
 
 3
 By the 3d section of the act of January 9th, 1808, it is enacted, that if any vessel shall, contrary to the provisions of that act, or of the act to which that is a supplement, proceed to a foreign port or place, such vessel shall be wholly forfeited, 'and if the same shall not be seized, the owner or owners, agent, freightor or factors of any such ship or vessel, shall, for every such offence, forfeit and pay a sum equal to double the value of the ship or vessel and cargo, and shall never thereafter be allowed a credit for duties,' &c. 'and the master or commander of such ship or vessel, and all other persons who shall knowingly be concerned in such prohibited foreign voyage, shall each respectively forfeit and pay a sum not exceeding twenty thousand, nor less than one thousand dollars, for every such offence, whether the vessel be seized and condemned or not.'
 
 
 4
 By the 4th section of the act of March 12th, 1808, it is enacted, 'that it shall not be lawful to export from the United States, in any manner whatever, any goods wares or merchandize of foreign or domestic growth or manufacture, and if any goods wares or merchandize shall, during the continuance of the act, entitled an act laying an embargo,' &c. 'and of the act supplementary,' &c. 'contrary to the prohibitions of this act, be exported from the United States either by land or water, the vessel,' &c. 'in which the same shall have been exported, shall, together with the tackle, apparel,' &c. 'be forfeited, and the owner or owners of such goods,' &c. 'and every other person knowingly concerned in such prohibited exportation, shall each respectively forfeit and pay a sum not exceeding ten thousand dollars, for every such offence.'
 
 
 5
 JOSEPH R. INGERSOLL, for the Appellees, (the Claimants of the vessel.)
 
 
 6
 Contended, that as the vessel was once out of the jurisdiction of the United States after the offence committed, the United States could only sue for the penalty of the double value, and could not seize the vessel itself. That the offence was complete before the return of the vessel, and while she was absent she could not be seized—that the words 'if the same shall not be seized, mean, if the same cannot be seized. That as the vessel could not be seized before her return, and as the offence was complete before her return, the case had happened in which the United States were entitled to sue for the double value; and as the forfeiture of the vessel and the penalty of double value were not concurrent and cumulative remedies, the United States could only resort to the latter. The right to seize the vessel was lost by her escape, and could not be revived upon her return. If the United States had brought suit for the penalty before the return of the vessel, they might have supported it, although the vessel should have returned before judgment. Their right of action was complete.
 
 
 7
 DALLAS,—contra.
 
 
 8
 There is no limitation of time for the seizure—the vessel has actually been seized, and thereby the United States have relinquished their claim to the double value. If the vessel could be seized, it is probable the United States could not have recovered the double value; and in an action therefor it would have been necessary for the United States to prove that the vessel could not have been seized. This could not be proved while the vessel was lying in a port of the United States, liable to seizure.
 
 
 9
 March 5th. All the judges being present,
 
 
 10
 MARSHALL, Ch. J. stated that it was the opinion of the Court that the vessel was liable to seizure; but that a majority of the Court was of opinion that the offence was not complete until the arrival of the vessel in a foreign port; but the facts of the case do not appear so as to enable the Court to decide that point; the cause is therefore continued for further proof.