Putnam, J.,
delivered the opinion of the Court. The additional fact now inserted in this case, that the parties were both absent from the United States when the purchase of the vessel was made, seems to us immaterial, and not an excuse for any omission to defend the vessel against all unlawful claims. The defendant warranted only against lawful claims; not against tortious acts. The plaintiff should have appointed some agent to attend to this concern, or sub mit to the loss occasioned by his own loches.
It has been contended, however, for the plaintiff, that, since the former decision of this cause, two cases have been determined by the Supreme Court of the United States, having a material bearing on the case at bar, and proving the incorrectness of our former decisions.
Those cases are U. S. vs. The Brig Eliza, 7 Cranch, 113, and U. S. vs. 1960 Bags of Coffee, 8 Cranch, 398. We have examined these cases.
The first was a proceeding upon the third section of the embargo act of 9 January, 1808 ; (2) and the Julia was seized for a violation of that act. The provision is, that, for the offence described, such vessel shall be wholly forfeited ; “ and if the same shall not be seized, the owner or owners, agent, freighter, or factors, of any such ship or vessel, shall forfeit and pay for every such offence a sum equal to double the value of the ship or vessel and cargo,” &c. The point decided in the case was, that she was liable to seizure upon her return to the United States from a foreign port, notwithstanding she had been out of the jurisdiction of the United States, and notwithstanding the election given to seize or prosecute for the double value.
But it does not appear that there had been any sale of the Eliza. The original owner claimed on the ground that the words in the act, “ and if she shall not,” were equivalent to “ if she cannot,” be seized; *and that, when the ship was beyond the jurisdiction of the United States, she could not be seized, and therefore that the United States had only a remedy by a prosecution for the double value. But the Court, with great reason, decided that the United States had not lost their right to seize because the ship had been out of their jurisdiction.
In that case, the claimant was the original offender and owner; in the case at bar, the plaintiff might have claimed as an innocent purchaser for a valuable consideration. In that case, the vessel was seized before any transfer of the property had been made ; in the case at bar, the plaintiff purchased fairly before the United States seized, and lie was ignorant that the vessel had ever offended.
*99 The other case relied upon, The U. S. vs. 1960 Bags of Coffee, was upon the non-intercourse act of 1 March. 1809, (£7. S. Laws, vol. ix. p. 243,) upon an allegation that the coffee was imported into the United States contrary to that act.' The provision in such case is, that the goods “ shall be forfeited.” There is no election given to the United States to seize the tiling or to recover a penalty, as in the embargo act; and a majority of the judges of the Supreme Court of the United States were of opinion that the words of the act i^ere imperative, and excluded the common law rule, which fixes the title on conviction, and vested the title in the United States on the commission of the offence. Upon this principle, a Iona fide sale to a purchaser, without notice, after the commission of the offence, and before seizure, was held void, notwithstanding the owner had obtained a permit for the landing of the goods, and had secured the duties.
That case is like the U. S. vs. The Brig Mars, which was cited in the hearing of this cause at the last term, and has since been published in the eighth volume of Crunch’s Reports. And it must be constantly recollected that the Court felt bound by the positive words of the act, and that no alternative is given, as there is in the embargo act, for the violation of which the Julia * was seized. Upon this distinction we grounded our opinion at the last term; and, upon reconsidering it, we are satisfied with it.
The act has no limitation of time within which the United States must seize. This, perhaps, is well enough, so far as respects the property while in the hands of the original offender; but it would operate with great injustice upon honest purchasers.
If the title was to be considered as vested on the commission of the offence, the remedies would, in effect, be cumulative, and not alternative and contingent; which would be doing violence to the words of the act. Upon the construction contended for by the plaintiff", the vessel might be as well seized in the hands of the fiftieth as of the first purchaser; and no man would be safe in buying or selling, notwithstanding years had elapsed since the alleged offence, and notwithstanding the United States had not manifested any intention of seizure until after the last sale. As such a construction of the statute is not necessary, and would lead to most inconvenient consequences, we do not adopt it. Let judgment be entered for the defendant, according to the verdict.

 U. S. Laws, vol. ix. p. 11.