Reversed and remanded to the Court of Civil Appeals.

=====

## HARRIS v. TOWNLEY.

(Court of Civil Appeals of Texas. Austin. Nov. 19, 1913.)

1. EXEMPTIONS (§ 45*)—ARTICLES OF TRADE—TOOLS—"APPARATUS."

Rev. Civ. St. 1911, art. 3785, subd. 5, exempts all tools, apparatus, and books belonging to any trade or profession from attachment, execution, and any other species of forced sale for the payment of debts, except as otherwise provided. *Held,* that the word "apparatus" means a complex device or machine designed for the accomplishment of a special purpose; a complex instrument or appliance, mechanical or chemical, for a specific action or operation; machinery; mechanism—and included a printing press, engine, and other articles in daily use by the publisher and proprietor of a newspaper and necessary for the conduct of his business.

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. §§ 56–61; Dec. Dig. § 45.*

For other definitions, see Words and Phrases, vol. 1, pp. 439, 440.]

2. LANDLORD AND TENANT (§ 246*)—LIEN—PROPERTY SUBJECT.

Under Rev. Civ. St. 1911, art. 5490, providing that the landlord and tenant act was not intended to repeal the exemption laws of the state, a landlord has no lien on property of the tenant which is exempt from execution and forced sale.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 991–1002; Dec. Dig. § 246.*]

Appeal from Lampasas County Court; M. M. White, Judge.

Action by F. J. Harris against M. D. Townley. Judgment for plaintiff for less than relief demanded, and he appeals. Affirmed.

A. McFarland, of Lampasas, for appellant. H. F. Lewis and Word & Walker, all of Lampasas, for appellee.

RICE, J. Appellant brought this suit against appellee to recover the sum of $384.-50, balance claimed to be due for rent of a certain building situated in the town of Lampasas, which had been rented to him by appellant and which was used by appellee as a printing office, and to foreclose his landlord's lien upon one 6-column quarto Country Campbell press, one typewriter, certain type and type cases, one desk, iron safe, together with a certain gasoline engine used for the operation of said press, as well as other furniture and fixtures belonging thereto. After a general and several special exceptions, defendant answered that he was a resident of said state and county and was the owner of said property, using it in connection with his business, that of editing, publishing, and printing the "Lampasas Blade," a weekly newspaper, together with his job or commercial printing business; that he was a printer and publisher by trade and had no other trade or profession by which to support his family; that said articles were in daily use by him in his business and useful and necessary in the prosecution thereof, and without them he could not continue the printing and publication of said newspaper —for which reasons he claimed that they were exempt under the laws of this state from forced sale. A jury being waived, there was a trial before the court, resulting in judgment for appellant in the amount sued for, with foreclosure of his landlord's lien on the safe and certain merchandise, unnecessary to mention; but the court refused to foreclose said lien upon the rest of said property, from which judgment this appeal is taken.

[1] Revised Statutes, art. 3785, subdiv. 5, exempts all tools, apparatus, and books belonging to any trade or profession from attachment, execution, and every other species of forced sale for the payment of debts, except as otherwise provided; and the present case does not fall within any of said exceptions. If said printing press and engines are exempt from such sale under the law, then it is conceded by appellant that the judgment is correct, otherwise it should be reversed.

The question presented is not an open one in this state but has been settled by several of our decisions, among others that of Green v. Raymond, 58 Tex. 80, 44 Am. Rep. 601, wherein a printing press and cases used in the printing office and owned by an editor and publisher were held exempt from forced sale under this statute. In discussing the expression "apparatus," used in the statute,

the court says: "The word 'apparatus' is strikingly apt, a generic term of the most comprehensive signification. The trade or profession of Raymond was that of editor and publisher of a weekly newspaper. What tools and apparatus belonged to that trade or profession? It is the printing press, type, cases, etc., and not alone the pair of scissors, bottle of ink, and goosequill pen of the editorial department. The apparatus belonging to the trade of a publisher must of necessity include the press, type, cases, etc., which are essential to the conducting of that business. The blacksmith could as well dispense with his anvil and hammer, the shoemaker with his awl and last, the farmer with his plow and hoe, as could the publisher dispense with his press, type, and cases; and yet all of these are exempt as belonging to these respective trades." See, also, St. Louis Type Foundry v. Taylor, 35 S. W. 691; Same v. International Live Stock Journal Prtg. Co., 74 Tex. 651, 12 S. W. 842, 15 Am. St. Rep. 870; Betz v. Maier, 12 Tex. Civ. App. 219, 33 S. W. 710; Patterson v. English, 142 S. W. 18.

[2] Article 5490, Revised Statutes of 1911, specially provides that the landlord and tenant act is not intended to repeal the exemption laws of this state; and it has always been held by our courts that the exemption statutes should be liberally construed. We think it is immaterial that the press in this case was not run by hand but by this gasoline engine.

The word "apparatus" is not used in a restricted sense, as contended for by appellant. The Standard Dictionary defines "apparatus" thus: Any complex device or machine designed or prepared for the accomplishment of a special purpose. And Webster defines it as: Any complex instrument or appliance, mechanical or chemical, for a specific action or operation; machinery; mechanism. Under the word "tools," in Bouvier's Law Dictionary, a printing press·is referred to as an "apparatus." In Wood v. Bresnahan, 63 Mich. 614, 30 N. W. 206, 208, a steam engine, shingle machine, and saw gummer in use or lately used in business are articles exempt from execution as being apparatus, enabling the person to carry on the business in which he is principally engaged.

The court having found that appellee was the owner, publisher, and proprietor of a newspaper, and that the press, engine, and other articles above mentioned were in daily use by him and necessary for conducting his business, we conclude that he was correct in holding as matter of law, that they were exempt from forced sale under this statute, and that he properly refused to foreclose the landlord's lien thereon, for which reason the judgment of the court below is in all things affirmed.

Affirmed.