## McNABB v. TERMINAL BLDG. CORPORATION OF DALLAS.

### No. 11899.

Court of Civil Appeals of Texas. Dallas.

March 14, 1936.

Rehearing Denied April 11, 1936.

Alexander D. McNabb, of Dallas, for appellant.

Wren, Pearson & Jeffrey and Ewell H. Muse, Jr., all of Fort Worth, for appellee.

BOND, Justice.

The appellant, A. D. McNabb, in the county court of Dallas county, Tex., sitting in matters of probate, by appropriate pleadings, sought to establish priority of a mortgage lien on certain personal property belonging to the estate of Charles W. A'Brams, deceased, over a landlord's lien claimed by the appellee, Terminal Building Corporation of Dallas.

The specific ground alleged is that at the time of the execution of the mortgage and at the time of the accrual of the asserted landlord's lien, the appellee had no such lien on the property, for the reason the property was exempt to Charles W. A'Brams, who was the head of a family, and the property was his tools of trade;

therefore, by virtue of the exemption statute (R.S.1925, art. 3835, subd. 3), no landlord's lien attached to the property, thus appellant is entitled to have his lien established and the mortgaged property sold in satisfaction of his debt as a prior claim to any landlord's lien the appellee may claim upon the property.

The county judge sustained appellee's two special exceptions to appellant's petition, and, on appeal trial de novo in a district court of Dallas county, Tex., the judge of the district court also sustained the exceptions, thus depriving the appellant as a mortgagee to plead, therefore prove, that at the time the mortgage was given and the rents became due, the mortgagor, Charles W. A'Brams, was engaged in the trade, business, and/or profession of insurance; that he was then the head of a family; and that the articles listed in the chattel mortgage constituted a part of his working tools in his trade, business, and/or profession, thus exempt under the statute from forced sale, and not subject to appellee's claim for rents.

At the conclusion of the testimony, the trial court entered judgment, decreeing that the Terminal Building Corporation of Dallas has a valid landlord's lien on the personal property, to secure the payment of rents due, to an amount of $100; that A. D. McNabb has a chattel mortgage lien thereon to secure a note in the sum of $91.75; and that the landlord's lien is superior to that of the mortgage lien, thus directing the administratrix of the deceased's estate to observe the priority of liens thus established on sale of the property.

The appeal presents the questions whether or not a landlord has a statutory lien for rents on property exempt to the tenant; and whether or not a mortgagee, out of possession, may urge the exemption in defense of the priority of his lien to that of the landlord's lien.

The landlord's lien, as created by legislative enactment (R.S.1925, art. 5238), gives to the landlord "a preference lien upon all property of the tenant in such residence, storehouse, or other building for the payment of rents due and to become due"; and, in order that there might be no possible conflict between the article creating the lien and the exemption statutes, the article concludes: "but this article shall not be construed as in any manner repealing or affecting any Act exempting property from forced sale." Article 3835, subd. 3, R.S.1925, reserves to every family, exempt from forced sale, "all tools, apparatus and books belonging to any trade or profession."

■ The language of the article creating the lien is broad enough to cover all the property of a tenant, and, but for the concluding clause, which limits its applications not to affect property exempt under the statutes, no doubt the landlord's lien in this case would extend over all property of the tenant in the rented premises. The Legislature, in enacting the statutes creating the lien, deemed it wise to exclude from its operation certain enumerated property exempt to a family, unless the tenant voluntarily mortgages or fixes a lien upon such property himself. The law saves to every family "all tools, apparatus and books belonging to any trade or profession," with which the head of the family may earn a living, and in the same way makes provisions for the execution of a valid mortgage on all such exempt personal property belonging to the family. The limitation placed in the statute must be given approbation to the effect that the landlord's lien does not extend over exempt property, unless the tenant himself gives to the landlord such lien by an express mortgage. Then, if no landlord's lien, by virtue of the statute, extended over the alleged exempt property at the time appellant was given a mortgage thereon by the tenant, the property was free of lien and subject to be mortgaged as any other personal property belonging to the tenant.

In the case of St. Louis Type Foundry v. Taylor, 35 S.W. 691, 692, this court, speaking through Judge Finley, approved by our Supreme Court in the case of Hamberlin v. Aston, 114 Tex. 263, 267 S.W. 684, 687, held: "While the owners of residences, storehouses, etc., are given a preference lien upon all the property of the tenant placed in the residence or storehouse, or other building, for the payment of rents due or that may become due, this lien is not given upon such property as is exempt by law from forced sale." And, further, the Supreme Court, in the Hamberlin v. Aston Case, supra, says: "Since the statute had given the lien on 'all the property' of the tenant in the rented house, and since article 5490 [R.S.1925, article 5238] has become a part of title 80 [R.S. 1925, title 84], it might have created the lien, if the last clause therein had not been written there. But for this final clause in

article 5490, already referred to, that article, in connection with article 3793 [R.S. 1925, art. 3840], would probably have given a lien on the property in suit. But, since article 5490 expressly recognizes all exemption statutes and provides for their continued operation, then article 3793 does not have any effect upon article 5490. The Legislature, in enacting article 5490, removed all ground for conflict by inserting therein the last clause which has already been quoted. * * * Certainly it is clear that so far as tools, apparatus, and books of a trade are concerned, where the debtor owns them himself, or purchases them with his own earnings, they are exempt alike under either article 5475 or article 5490. Under those circumstances the law means to say that a man's tools, apparatus, and books belonging to his trade are exempt from all debts, including claims for rent, unless he mortgages or fixes a lien upon such property himself."

Enlightened by the authorities and the allegations in appellant's petition, which for the purpose here must be assumed to be true, as demurrers were sustained thereto, at the time of the execution of the mortgage, we must hold that the property in question was exempt and free to the tenant as tools of trade; thus, no landlord's lien existed thereon at the time the mortgage was given to appellant, and none could be grafted by subsequent acts of omission or commission by the tenant or his legal representative, so as to defeat the priority of the mortgage lien given upon the property.

Indeed, where property is claimed to be subject to the landlord's lien, but in fact exempt, in an action against the person for whom the exemption was created, such person may waive the exemption by express declaration to that effect, or by failing to plead the exemption as a defense to the asserted lien. The exemption statutes are personally in favor of those for whom they are created, and, being purely defensive, must be alleged and proven; but the failure of the debtor to plead the exemptions does not create the lien, nor will a waiver impress a landlord's lien on exempt property. The lien is created by statute, and perforce of the last clause in the statute, no lien exists upon exempt property; so, in this case, no landlord's lien existed upon the property at the time appellant's mortgage was executed, thus no subsequent act of the tenant or the administratrix of his estate, in failing to claim the exemption, would vitalize a lien that did not actually exist, to defeat the priority of appellant's mortgage, given at a time when the property was free of lien.

The appellant had a right to plead and prove that the property in question at the date of his mortgage was not impressed with the landlord's lien by virtue of the exemption statutes, to establish the priority of his claim thereon by virtue of his mortgage; and he cannot be deprived of such right by the failure of the tenant, or the administratrix of his estate, to plead the exemptions; therefore, the court below erred in sustaining the appellee's demurrers to appellant's petition, and, for the error, the judgment must be reversed and the cause remanded; it is so ordered.

Reversed and remanded.