# THE ATTORNEY GENERAL
## OF TEXAS
**GERALD C. MANN**



Lower Colorado River Authority
Littlefield Building
Austin, Texas

Gentlemen:

Attention: Mr. Gideon, General
Counsel.

Opinion No. 0-3301
Re: Power of the City of Llano to
charge the Authority rental
on its poles used in furnish-
ing electric lights.

We have carefully considered the validity of the ordinance passed by the City of Llano on December 9, 1940, which requires the Lower Colorado River Authority to pay rental on the poles which it uses in the City of Llano in the distribution of electric current.

In the letter written by Mr. Gideon, your general counsel, you have requested our opinion as to whether this ordinance is enforcible against the Authority.

The Act of the Legislature creating the Lower Colorado River Authority, being Ch. 7 of the Acts of the 43rd Legislature, 4th Called Session, p. 19, contains the following salient condition. It is made a governmental agency under the provisions of Sec. 59, Article XVI of the State Constitution.

The last sentence in Sec. 1 of said Act reads:

"Nothing in this Act or in any other act or law contained, however, shall be construed as authorizing the District to levy or collect taxes or assessments, or to create any indebtedness payable out of taxes or assessments, or in any way to pledge the credit of the State."

Section 2 of said Act reads:

"Except as expressly limited by this Act, the District shall have and is hereby authorized to exercise all power, right, privileges and functions conferred by general law upon any district or districts created pursuant to Section 59 of Article XVI of the Constitution of the State of Texas, * * * and it is authorized to exercise the following powers, rights, privileges and functions:

"(b). To develop and generate water power and electric energy within the boundaires of the District and to distribute and sell water power and electric energy, within or without the boundaries of the District;

"(1). To construct, extend, improve, maintain and reconstruct, to cause to be constructed, extended, improved, maintained and reconstructed, and to use and operate, any and all facilities of any kind necessary or convenient to the exercise of such powers, rights, privileges and functions."

Your letter stated that:

"The Lower Colorado River Authority owns and operates within the City of Llano electric light poles which are situated in the streets and alleys of said city, and, therefore, comes within the provisions of Section 1 of said ordinance."

The city ordinance referred to, a copy of which you enclosed, requires each organization or corporation maintaining any telegraph, telephone, electric light or other poles in the City of Llano to pay said city annually for such privilege a rental equal to three per cent of its gross receipts.

The real question, therefore, for determination is whether the City of Llano can charge the State of Texas a rental for the use of the streets and alleys which are being used by said governmental agency to distribute electric current to the inhabitants of said city.

In our Opinion No. O-2037, dated March 28, 1940, addressed to Mr. Sheppard, Comptroller of Public Accounts, we held that the property of the Lower Colorado River Authority was exempt from taxation, by reason of its being a governmental agency. We enclose you a copy of said opinion.

In Robbins v. Limestone County, 114 Tex. 265, 268 S.W. 915, the Supreme Court of Texas, in an exhaustive opinion, held that all public roads in the State of Texas belonged to the sovereign state, and that the State had full control and authority over same.

In 44 C. J., 925, in discussing the power of cities to control the streets, the rule is thus stated:

"(3677) Within federal and state constitutional limitations, the Legislature as representative of the state has power to control and regulate streets in any way not inconsistent with their proper use. * * * The power of the Legislature to regulate streets has been classified as part of the police power. * * *

"(3679) Strictly speaking, a municipality has no original or inherent power to control and regulate its streets."

In 44 C. J. 976, par. 3770, the following language is used:

"(a) The state's power to grant the use of streets being supreme within constitutional limitations, it may exercise such power against the municipality's dissent."

Section 10 of the ordinance in question provides that if the Lower Colorado River Authority fails to pay the rental, it shall, upon conviction, be fined in any sum not to exceed $100.00 for each day, and provides that each day shall be deemed a separate offense. In our opinion, the City of Llano, a municipal corporation, organized under the authority of the Legislature, cannot inflict and collect a fine from the State of Texas for the use of the streets and alleys in said city which are owned and controlled by the State of Texas.

In City of Arlington v. Lillard, 294 S. W. 829, the Supreme Court, in answering certified questions, held an ordinance passed by the City of Arlington was void, which prohibited the operation for hire of motor busses over and upon certain streets in said city, and used the following language:

"(3) We think the power sought to be exercised here is inconsistent with general statutes, and has not been delegated to the cities, at least that it is very doubtful; and the rule as stated in 28 C. J. p. 265 is that:

"'Where a particular power is claimed for a municipal corporation * * * any fair, reasonable doubt as to the existence and possession of the power will be resolved against the corporation, and the power denied to it.' Brenham v. Brenham Water Co. 67 Tex. 542."

In City of Fort Worth v. Lillard, 294 S. W. 831, the Supreme Court, in holding invalid an ordinance passed by the City of Fort Worth, which prohibited the use of the streets by those carrying passengers for hire, used this language:

"In an opinion delivered today in the case of City of Arlington v. Lillard, 294 S. W. 829, this court held that the city is without power to prohibit the use of its streets to those carrying passengers for hire."

In West v. City of Waco, 294 S. W. 832, the Supreme Court, in upholding an ordinance of the City of Waco, which prohibited the use of the public square for private business, used this language:

"(1) The highways of the State, including streets of cities, belong to the State, and the State has full control and authority over them. They 'are the property of and for the use of the State, which, through its Legislature, has absolute control over same, which control it may or may not, from time to time delegate to the local authorities.'"

In our opinion, the City of Llano does not have the power to require the Lower Colorado River Authority, which is a governmental agency, to pay rental for the use of the streets in said city.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Geo. W. Barcus
Geo. W. Barcus
Assistant

GWB-MR-ds

APPROVED APR 18, 1941

/s/ Grover Sellers

FIRST ASSISTANT
ATTORNEY GENERAL

THIS OPINION
CONSIDERED AND APPROVED
IN LIMITED CONFERENCE.