## Commissioners *against* Reynolds.

One who, as attorney-in-fact and guardian of the heirs of an estate, manages and directs the same, and receives for his services a fixed compensation, has such an employment or business as is taxable for State purposes.

ERROR to the Common Pleas of *Lebanon* county.

The Commissioners of Lebanon county against John Reynolds. The parties agreed to the following facts, and that they should be considered as a special verdict: ,

" John Reynolds, the defendant, is attorney-in-fact of the adult, and guardian of the minor children of the late Thomas B. Coleman; as such he receives a fixed compensation. The assessor for the year 1843 returned him as living on Coleman's estate, as having the occupation of boss, estimated the value or income of that occupation at $2000, and assessed a tax on it of $18.

It is admitted that the defendant occupies the premises as guardian and attorney-in-fact, and that the amount of compensation which he receives is drawn, not from any one of the iron-works belonging to his ward and principals, but from the general funds of their whole estate, as guardian and attorney as aforesaid.

The question submitted for the decision of the court is, Has John Reynolds, as guardian or attorney-in-fact, such a trade, profession, occupation or office, as is made taxable by the law of the State for State purposes?

If the opinion of the court be in the affirmative upon the question, then judgment to be entered in favour of the plaintiffs for the sum of $18; but if in the negative, then judgment to be entered generally for the defendant."

The court below rendered a judgment for the defendant.

*Kline*, for plaintiff in error, argued that the business of the defendant in error was such an occupation as was made taxable, and referred to the Act of 15th April 1834, Art. 3, § 4, 5; Act of 11th June 1840, § 2; Act of 15th May 1841, § 1; Act of 27th July 1842, § 2, 7 and 16; 2 *Rawle* 73.

*Weidman*, contra. The profession, occupation, trade or employment which was contemplated by the Act of Assembly, does not embrace the defendant's case. His business is that of an attorney-in-fact, which it is in the power of his principal to deprive him of at a moment, or guardian who may be removed by, as he is under the control of, the Orphans' Court: it is a mere temporary

VII. — 42        2 c *

arrangement under which he acts, and which may be put an end
to before the lapse of the year for which the tax is assessed. It
is not that continuing office, occupation or profession, whose annual
profit it was the object of the Legislature to tax.

The opinion of the Court was delivered by

KENNEDY, J.—Among the various subjects made taxable by the
laws of this State, "all offices and posts of profit, *professions,
trades* and *occupations*" are made so by the third clause of the
fourth section of the Act of the 15th of April 1834, (*Pamph. L.
p.* 512). Also, by the second section of the Act of the 11th of
June 1840, (*Pamph. L. p.* 612), "trades, *occupations* and *profes-
sions*" are mentioned as being taxable by law, and one mill in the
dollar thereby added to the county rates and levies for the use of
the Commonwealth. And again, by the first section of the Act
of the 15th of May 1841, (*Pamph. L. p.* 393), the assessors are
required to take an oath or affirmation that they will rate all
offices and posts of profit, *professions,* trades and *occupations,* ac-
cording to what they shall believe to be the actual *yearly* income
arising therefrom. Now, the only question presented by the case
as stated is, whether the business or employment of the defend-
ant, as therein described, be made taxable by the Acts of Assem-
bly, and especially by the Act of the 15th of April 1834. He had
become the attorney-in-fact of some of the owners of a large and
valuable estate, consisting of lands and iron-works, &c., and the
guardian of the remaining owners of the same, who were minors ;
and had undertaken to superintend and manage the whole estate,
for which he was to receive and had been receiving $2000 a-year
for attending to and managing it. This was a business, if judged
of by the amount of the compensation received for doing it, that
probably occupied the most of his time as well as his attention,
and well worthy of being considered an *employment* or *business,*
at least, either or both of which are clearly embraced or compre-
hended within the term "occupation," which is made taxable by
the express terms of the Act of Assembly. "Occupation," not
only in its popular sense, according to daily use, but according to
its meaning as explained by any of our English dictionaries, em-
braces *business* or *employment generally,* without giving it any
specific character. But the business of conducting iron-works, in
the manufacture of iron, so as to render the same profitable for
the owners, requires a very considerable degree of skill, derived
from experience in the business, as well as great vigilance and
unremitted attention, which but few are capable of exerting, and
might well therefore be considered, perhaps, as being embraced
by the term "profession," which is also made taxable by the Act
of Assembly, and may possibly be thought by some to be a more
dignified term than "occupation." We have no doubt, however,
that the employment of the defendant, as described in the case

stated, is made taxable not only by the letter, but the plain and obvious meaning of the Act, and that the court below erred in rendering a judgment in his favour.

Judgment reversed, and judgment for the plaintiff.