## STATE OF LOUISIANA v. PENDLETON

(October 15, 1928. Opinion and Decree.)

E. M. Heath, of New Orleans, attorney for plaintiff, appellee.

Nicholas Callan, of New Orleans, attorney for defendant, appellant.

JONES, J. In this case defendant, engaged in the detective business, claims that it is amenable under the provisions of Section 25 of Act 205 of 1924 to a half license instead of a whole license, as is contended by the State. The relevant portions of Section 25 of Act 205 of 1924 read as follows:

"That every individual, firm, association or corporation carrying on the profession or business of keeping cabs, carriages, hacks, horses, or motor vehicles for hire, undertaker, funeral director, agency for steamboats or steamships, and owners or lessees of toll bridges or ferries, stevedores,

and those engaged in the business or profession of bill posting, tacking or advertising, the license shall be based upon the gross annual receipts from such profession or business, and shall be fixed and graded as follows, to-wit: * * *

"That any other business not provided for in this Act, and not otherwise provided for by separate law, except manufacturing, shall be graded the same as above set forth, and shall pay a license as fixed in this Section.

"That every individual, firm, association or corporation carrying on the business or profession of physician, osteopath, dentist, oculist, attorney-at-law, editor, publisher, printer, engraver, lithographer, photographer, architect, civil engineer, mechanical engineer, electrical engineer, decorator, jeweler *or any other professional occupation*, shall be graded according to the classification named above, but the license for the various professions included in this paragraph shall be one-half of those established by the foregoing provisions of this section; provided that no license shall be issued hereunder for less than five dollars ($5.00) * * *."

The word "professional" must be read in connection with the paragraph in which it is used. Thus we find before the words "or any other professional occupation" such businesses enumerated as those of publisher, decorator, photographer, jeweler. Such occupations are not generally supposed to come within the definition of the word "professional" and the inclusion of these classes of businesses within the act tends to show that the word "professional" should be construed broadly.

Both the dictionary definitions and the definitions applied by the Court give to the words "profession" or "professional," in their broader aspect, a meaning which makes these words equivalent to calling, vocation or employment. Words and Phrases (Vol. 3) Profession:

"The term 'profession' signifies an employment requiring a learned education, as those of law and physics, and is applied to a calling which requires learning and special preparation in the acquirement of such knowledge and skill, and, in its broader meaning, is defined to be the occupation, if not mechanical or agricultural, or the like, to which one devotes one's self; the business which one professes to understand and to follow for a subsistence, calling, vocation, employment. Semple vs. Schwartz, 109 S. W. 633, 636, 130 Mo. App. 65 (citing Netterville vs. Barber, 52 Miss. 171; Betz vs. Maier, 12 Tex. Civ. App. 219, 33 S. W. 710).

"The word 'profession,' in its larger meaning, means occupation, if not mechanical or agricultural, or the like, to whatever one devotes one's self; the business which one professes to understand and follow. In a restricted sense it only applies to learned professions. It is also defined as a calling, vocation, known employment. Geise vs. Pennsylvania Fire Ins. Co. (Tex.) 107 S. W. 555.

"The word 'profession,' as used in Sayles' Civ. St., Art. 2337, means occupation, calling, employment, and includes the business of an insurance agent, so as to entitle him to the exemption therein provided for. Betz vs. Maier, 33 S. W. 710, 12 Tex. Civ. App. 219.

"The word 'profession,' in its larger and broader meaning is defined by Webster to be the 'occupation, if not mechanical or agricultural or the like, to whatever one devotes one's self; the business which one professes to understand and to follow for subsistence; calling; vocation; employment.' In a restricted sense it only applies to the learned professions. Betz vs. Maier, 33 S. W. 710, 12 Tex. Civ. App. 219; State vs. Hunt, 40 S. E. 216, 217, 129 N. C. 686, 85 Am. St. Rep. 758.

" 'Profession,' as used in Act April 15, 1834, Sec. 4 (P. L. 512), making all offices and posts of profit, professions, trades and occupations, taxable, may be construed to include the business of conducting ironworks in the manufacture of iron so as to render the same profitable for the owners, for it requires a very considerable degree of skill, derived from experience in the business, as well as unremitted attention, which but few are capable of exerting. The term 'profession' may possibly be thought

by some to be a more dignified term than 'occupation.' Lebanon County Com'rs. vs. Reynolds (Pa.) 7 Watts & S. 329, 330."

"Formerly, theology, law, and medicine were specifically known as 'the professions;' but as the applications of science and learning are extended to other departments of affairs, other vocations also receive the name. The word implies professed attainments in special knowledge as distinguished from mere skill. A practical dealing with affairs as distinguished from mere study or investigation; and an application of such knowledge to uses for others as a vocation; as distinguished from its pursuit for its own purposes." Century Dict. (quoted in U. S. vs. Laws, 163 U. S. 258, 266, 16 S. Ct. 998, 1001, 41 L. Ed. 151).

The testimony of Forrest Pendleton, a graduate in law of Georgetown University, who had been for ten years division superintendent of the United States Department of Justice in New Orleans before he became president of defendant corporation, shows that mental rather than physical skill is required in the successful management of a general commercial detective agency such as this. Knowledge of finger-print reading, of police regulations, ability to analyze and appreciate evidence, are some of the main requisites for proper investigation when irregularities are charged.

Although the words "business" and "profession" have been used throughout this act in almost the same sense, a careful reading of the entire law seems to show that the legislature did not intend to tax those that earn their living by mental services to the same extent as those who buy or sell commodities.

For above reasons the judgment is amended, and it is now ordered, adjudged and decreed that said rule be made absolute, and, accordingly, there be judgment in favor of plaintiff in rule, State of Louisiana, and against defendant in rule, Forrest C. Pendleton, Inc., in the full sum of one hundred twenty-five ($125.00) dollars as a license tax for the year 1925, together with two per cent per month interest on one hundred twenty-five ($125.00) dollars from March 1, 1925, and ten per cent attorneys' fees on both principal and interest, with first lien and privilege upon all the property of defendant in rule, both movable and immovable, and for all costs.

It is further ordered that defendant in rule be enjoined from conducting its business until said amounts are paid.