## E. GEO. BETZ v. F. J. MAIER.

### No. 1382.

**Exemptions.**

Exemption laws are to be liberally construed. Cases on subject reviewed.

**Same—Trade—Profession—Tools—Apparatus.**

The words "trade or profession" in the statute exempting "all tools, apparatus and books belonging to any trade or profession" include the business of a life insurance agent, and his iron safe is included among the tools and apparatus so exempted from forced sale.

**Same.**

Such exemptions extend to and include furniture reasonable in amount and useful under the circumstances to the end that the things expressly exempt may be used and enjoyed in the business.

APPEAL from District Court of Comal. Trial below before Hon. EUGENE ARCHER.

*L, N. Blevins,* for appellant, in support of the proposition that the safe levied on was exempt, cited Rev. Stat., art. 2357; Alsup v. Jordan, 69 Texas, 300; Cone v. Lewis, 64 Texas, 331; Green v. Raymond, 58 Texas, 80.

*J. R. Storms* and *F. J. Maier,* for appellee. 1. An iron safe is not a tool, an apparatus, or a book. Frank v. Bean, 3 App. C. C., § 211; Webster's Dictionary, see Tool, Apparatus and Book; Bouvier's Law Dictionary, see Tool, Book; Black's Law Dictionary, see Tool, Book; Heidenhiimer v. Blumenkron, 56 Texas, 308; Cullers v. James, 66 Texas, 494; 10 Pick, 432; 128 Mass., 420.

2. The business of a life insurance agent is not a trade or profession. Bouvier's Law Dictionary, see Trade, Profession; Bacon's Abr. Master and Servant (D 1); Frank v. Bean, 3 App. C. C., 211; Cullers v. James, 66 Texas, 494.

3. The business of a canvasser for life insurance, who does not insure one person in a year, is not such a trade or profession that an iron safe belongs thereto, as a tool or apparatus.

FISHER, CHIEF JUSTICE.—An iron safe belonging to the appellant was levied upon by attachment for a debt due by him to appellee; at that time he was a single man and was an insurance agent, and used the safe in which to deposit his notes and insurance policies and other papers pertaining to his business as insurance agent. The trial court rendered judgment against the appellant for the debt and foreclosed the attachment lien on the safe. The question presented for decision is, was the iron safe exempt from forced sale?

The statute that relates to exemptions in favor of those who are not the constituents of a family exempts from attachment, execution and any other species of forced sale all tools, apparatus and books belonging to any trade or profession. Sayles' Civil Statutes, art. 2337.

Does the appellant's business come within the category of a trade or profession, and if so, is an iron safe a tool or apparatus when used in connection with such business?

The word trade embraces within its meaning commercial traffic, and it also has a limited and restricted significance which applies to mechanical pursuits; but in its broad and general sense it covers and embraces all occupations in business, with the possible exception of the learned professions and those that pertain to liberal arts and the pursuit of agriculture. Black's Law Dic., 1181, "Trade;" Ins. Co. v. State, 86 Texas, 263; 26 Am. & Eng. Encycl. Law, 226.

The word profession, in its larger and broader meaning, is defined by Webster to be the "occupation, if not mechanical or agricultural, or the like, to whatever one devotes one's self; the business which one professes to understand and follow for subsistence; calling; vocation; employment." Black's Law Dic., 951, defines it as a calling, vocation, known employment. In a restricted sense it only applies to the learned professions. Some of the courts—Atwood vs. De Forrest, 19 Conn., 513, and others—in giving a meaning to the word trade when found in exemption statutes apply the restricted definition, and hold it to embrace only mechanical pursuits; but on the other hand other courts hold that the word trade in its general sense embraces nearly all occupations and business with the exceptions stated, and this general meaning has been adopted in preference to the restricted one. The Schooner Nymph, 1 Sumn., 517; Brig Eliza, 7 Cranch, 113; Bank of India v. Wilson, 3 Exch. Div., 108; in re Pinkney, 47 Kan., 89; May v. Sloan, 101 U. S., 231.

In Schooner Nymph, supra, Judge Story says: "The word trade is often and indeed generally used in a broader sense as equivalent to occupation, employment or business, whether manual or mercantile. Whenever any occupation, employment or business is carried on for the purpose of profit or gain or livelihood, not in the liberal arts or learned professions, it is constantly called a trade." In this case codfishery was held to be a trade. The policy of the courts of this State and of some of the other States is to give to exemption statutes a liberal construction, and in determining what is embraced within the terms tools and apparatus, and in giving a meaning to the words trade and profession, the court in Green v. Raymond, 58 Texas, 83, says: "The settled policy has been to make liberal exemptions of property from forced sale in this state. * * * It has not been the policy of the judicial department to restrict this liberalizing tendency of the law making power by a strict construction of these laws; on the contrary, they have been liberally construed, with a view to effect these objects and to promote justice. The term trade and especially the word apparatus is strikingly apt—a generic term of the most comprehensive signification. The trade or profession of Raymond was that of editor and publisher of a weekly newspaper. What tools and apparatus belonged to this trade or profession? It is the printing press, type, cases, etc., not alone the pair

of scissors, bottle of ink, goose quill pen of the editorial department. The apparatus belonging to the trade of a publisher must of necessity include the press, type, cases, etc., which are essential to the conducting of that business. The blacksmith could as well dispense with his anvil and hammer and the shoemaker with his awl and last, the farmer with his plow, as could the publisher dispense with his press, etc.; and yet all these are exempt as belonging to these respective trades."

These liberal views may be further pursued in other cases; notably, Type Foundry v. Live Stock Printing Co., 74 Texas, 651, where it is held that the press, type and material belonging to a firm of printers is exempt as the tools and apparatus belonging to a trade and profession and that such exemption may be claimed by one of the individual members of the firm. A jack is exempt under the provision exempting two horses, 2 Wilson; C. C., 254. And in Allison v. Brookshire, 38 Texas, 200, the word horses in effect is held to be a generic term, and under the statute exempting two horses it was construed to embrace a mule. In Rodgers v. Ferguson, 32 Texas, 533, drays and carts are held to be included within the term wagon when used in the exemption statutes. In Cobbs v. Coleman, 14 Texas, 596, an exemption of a horse is held to extend to things that would make his use beneficial, and therefore a saddle, bridle, etc., are exempt. Dearborn, v. Phillips, 21 Texas, 451, decided that the exemption of a horse would include a rope. In Cone v. Lewis, 64 Texas, 333, it is held that an exemption of a wagon will include a dray; and the court there say: "To a person pursuing the business of a drayman, such an exemption would seem particularly appropriate and in harmony with the spirit of the statute which exempts all 'implements of husbandry' and all 'tools, apparatus and books belonging to any trade or profession.' In Alsup v. Jordan, 69 Texas, 300, under the term 'household and kitchen furniture,' a piano was held to be exempt; and the doctrine is there announced that the exemption is not alone extended to those articles of furniture that are necessary to supply the wants of the family, but it extends to all furniture useful or ornamental that is used by the family. In the case of Willis & Bro. v. Morris, 66 Texas, 634, the present Chief Justice of the Supreme Court says, "Expensive and complicated machinery propelled by steam power is not exempt as a tool of trade, but that the word apparatus may take a wider range and may embrace such minor machinery as may be operated by hand."

In view of this liberal rule of construction that prevails with us we are disposed to place upon the words in question, as used in the statutes of exemptions, their general meaning, and give to them the significance indicated by their enlarged and broader definition. There is nothing that arises from such a ruling that would subject the court to the charge of judicial legislation, but upon the contrary we are simply giving a meaning to words employed in a statute which the law makers in passing the law did not undertake to define, but left their construction and meaning to be ascertained by the courts. And in view of the

accepted policy that prevails with us to give such statutes a liberal and broad construction, which was well known to the legislature when the present law was re-enacted, we are in giving to the statute the meaning we adopt a construction consistent with the settled policy that prevails and in doing this we go no further than to arrive at the legislative intent and meaning. Therefore we hold that the words trade and profession include the business of an insurance agent. The views expressed, with the reasons given, together with the authorities cited also induce us to hold that an iron safe used by an insurance agent in his business is an apparatus and tool within the meaning of the statute in question.

These words have a restricted meaning and also a broader one, and when used in the general sense are very comprehensive in their reach. As will be seen from some of the cases previously cited, a printing press, type cases, etc., are held to be tools and apparatus of a trade and profession. In White v. Gemeny, 47 Kan., 743, it is held, under a statute of Kansas that exempts tools and implements used and kept by a debtor for the purpose of carrying on his business, that a bus used by a hotel keeper is exempt. In Richards v. Hubbard, 59 N. H., 158, it is held that a physician's wagon and horses used by him in riding to visit his patients and reasonably necessary for that purpose "are tools of his occupation" and are exempt. In Davidson v. Sechrest, 28 Kan., 324, under a statute exempting the necessary tools and instruments of 'any mechanic, miner or other person, used and kept for the purpose of carrying on his trade or business, it was held that an insurance agent and abstracter of titles could claim as exempt an iron safe and set of abstracts which were used by him in his business; and the same rule was applied in Bliss v. Vedder, 34 Kan., 59, in extending the exemption to a printing press, type and other articles used in publishing a newspaper. Under the Illinois statute exempting the furniture, tools or implements necessary to carry on a trade or profession a music teacher may claim that a piano is exempt. Amend v. Murphy, 69 Ill., 337. In Woods v. Keyes, 14 Allen, 236, it is held that a clock, screen, pitcher and table cover used by a milliner in her business are exempt as "tools, implements and fixtures." So it is also held a sewing machine is exempt. Raynor v. Whicher, 6 Allen, 294. In Allen v. Thompson, 45 Vt., 472, a barber chair is held to be exempt as a tool. In re McManus, 87 Cal., 292, under a statute that exempts tools and implements of a mechanic or artisan necessary to carry on his trade it was held that there was exempt to a jeweler a safe used by him in his business.

The exemption statutes of this State in exempting articles included within the terms furniture, tools and apparatus, are not limited to such as are necessary to be used, but extend to all that may be embraced within these terms that are useful or serviceable to be used in the business. Alsup v. Jordan, 69 Texas, 300. There is no express provision of the law that exempts to those not constituents of a family, the class to which appellant belongs, the furniture that may be useful when engaged in a business to which the law extends exemptions to his books,

tools and apparatus, but it cannot be doubted that in view of the liberal policy of the law on this subject such exemptions named would extend to and include furniture that was reasonable in amount and useful under the circumstances, to the end that the thing expressly exempt may be used and enjoyed in the business in which the person may be engaged. A lawyer's books are exempt, but the statute does not in terms exempt to him a table, desk and chair or cases in which to place his books; but who will doubt that in this State the exemption does extend to these things? His books would be of little service, and the purpose of the law in making the exemption of them to him would be defeated if the exemption did not include these incidents, in order to make useful the thing exempted. This is said not for the purpose of creating the exemption in this case, but simply as illustrative of the liberal policy that prevails with us.

If the question discussed were the only one in the case, we would reverse and render in favor of appellant for the exempt property; but the record indicates that the appellant asserted a claim for damages in reconvention by reason of the levy of the attachment, hence, we will reverse and remand. We find no other error in the record.

*Reversed and remanded.*

Delivered January 15, 1896.