### J. M. MASSIE v. A. C. ATCHLEY ET AL.

Decided January 11, 1902.

Exempt Property—Typewriter—Physician.

A typewriter which a physician uses for his correspondence and for advertising his business is not exempt from execution as a tool or apparatus belonging to his profession.

Appeal from Dallas. Tried below before Hon. Richard Morgan.

*W. T. Strange* and *Curtis Hancock,* for appellant.

*W. R. Harris,* for appellee.

RAINEY, CHIEF JUSTICE.—The appellant sued to recover damages for the wrongful seizure and sale under execution of one typewriter,

which he alleges was exempt under law. A general demurrer was sustained to plaintiff's petition, and he failing to amend, judgment was rendered for defendants.

Plaintiff's petition alleges, substantially, that at the time of said seizure he was a practicing physician, duly authorized and licensed to practice medicine in all of its branches; that in the prosecution of such practice he conducted a large correspondence, extending into many counties of this State, and furnished medicine to parties in such counties; that he advertised throughout the State his business and practice, and that in the prosecution of said profession and occupation, as aforesaid, it was reasonable and necessary for him to have and use a typewriter; that he was skilled in the use of it, and with it he was able to properly dispatch and readily transact and conduct his said correspondence and advertisement, and the same was done by means of said typewriter, etc., and that same was an apparatus or tool of his said profession as pursued by him, and that same was exempt.

The only issue raised is, does the allegations show, that the typewriter was a tool or apparatus belonging to the profession of physician?

The Century Dictionary and Encyclopedia defines a physician as "one who practices the art of healing disease and preserving health; a prescriber of remedies for sickness and disease; specifically, a person licensed by some competent authority, such as a medical college, to treat diseases and prescribe remedies for them." The statute exempts from forced sale "all tools, apparatus, and books belonging to any trade or profession." The typewriter is alleged to be used for the purpose of correspondence and advertising plaintiff's business. "Correspondence and advertising" are not acts that constitute a part of the practice of healing diseases and prescribing remedies, and a typewriter used for the purpose of correspondence and advertising is not a tool or apparatus belonging to the profession of practice of medicine, in contemplation of the statute. A physician has a legal right to use it for that purpose if he pleases, yet the fact that he does so, and that it is a convenience, does not thereby make it a tool or apparatus belonging to that profession. To make a tool or apparatus exempt it must be shown to belong to a trade or profession pursued by the party claiming the exemption. The allegations of plaintiff's petition not only fail to show the typewriter exempt in this instance, but, on the other hand, alleges facts which, to our minds, show it not to be exempt. The case of Smith v. Horton, 19 Texas Civil Appeals, 28, decided by this court, is decisive of this case, the same principles being involved. See also same case in 92 Texas, 21.

We are of the opinion that the trial court did not err in sustaining the demurrer, and the judgment is affirmed.

*Affirmed.*