HARRIS v. TODD.

(Court of Civil Appeals of Texas. Ft. Worth. May 17, 1913.)

1. EXEMPTIONS (§ 4*) — EXTENT — CONSTRUCTION OF STATUTES.

The statutes creating exemptions from execution and other forced sales for debt receive a liberal construction.

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. § 4; Dec. Dig. § 4.*]

2. EXEMPTIONS (§§ 45, 57*) — PROPERTY EXEMPT — POOL TABLES — "APPARATUS" — "TRADE OR PROFESSION."

The proceeds of an insurance policy on four pool tables are exempt from garnishment, the pool tables coming within the designation "apparatus," and the business of running a pool hall being legitimate, and a "trade or pro-

fession," within the exemption law (Rev. Civ. St. 1911, art. 3785, par. 5).

[Ed. Note.—For other cases, see Exemptions, Cent. Dig. §§ 56–61, 79; Dec. Dig. §§ 45, 57.*

For other definitions, see Words and Phrases, vol. 1, pp. 439, 440.]

Conner, C. J., dissenting.

Appeal from Young County Court; E. E. Hall, Judge.

Action by C. B. Harris against R. M. Todd. From judgment for defendant, plaintiff appeals. Affirmed.

Arnold & Arnold, of Graham, for appellant. L. C. Counts, Kay & Akin, of Graham, and Marshall Spoonts, of Ft. Worth, for appellee.

SPEER, J. The question presented for determination on this appeal is whether or not the proceeds of an insurance policy upon four pool tables, belonging to appellee, a married man, and used by him in the operation of a pool hall in the town of Graham, are exempt under the statutes from a writ of garnishment sued out by appellant. Paragraph 5, article 3785, Revised Statutes 1911, reserves to every family, exempt from attachment, execution, and every other species of forced sale for the payment of debts, "all tools, apparatus and books belonging to any trade or profession."

[1] In determining whether or not the exemption is to apply in any case, we must bear in mind that the settled policy of the courts in this state is to adopt a liberal rule in the construction of such statutes.

[2] The question to be determined presents a dual aspect: First, are the pool tables "tools" or "apparatus"; and, second, is the business of running a pool hall a "trade" or "profession." The case of Green v. Raymond, 58 Tex. 80, 44 Am. Rep. 601, illustrates the scope of the terms "tools" and "apparatus," if it does not define them. It is there said: "The terms used, and especially the word 'apparatus' is strikingly apt, a generic term of the most comprehensive signification. The trade or profession of Raymond was that of editor and publisher of a weekly newspaper. What tools and apparatus belonged to that trade or profession? It is the printing press, type, cases, etc., and not alone the pair of scissors, bottle of ink, and goose-quill pen of the editorial department. The apparatus belonging to the trade of a publisher must of necessity include the press, type, cases, etc., which are essential to the conducting of that business. The blacksmith could as well dispense with his anvil and hammer, the shoemaker with his awl and last, the farmer with his plow and hoe, as could the publisher dispense with his press, type, and cases; and yet all of these are exempt as belonging to these respective trades. So, in our opinion, are the press, type, cases, etc., of the publisher exempt as belonging to his

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

trade." See, also, St. Louis Type Foundry v. International Live Stock Printing & Publishing Co., 74 Tex. 651, 12 S. W. 842, 15 Am. St. Rep. 870; Cone v. Lewis, 64 Tex. 333, 53 Am. Rep. 767; Betz v. Maier, 12 Tex. Civ. App. 219, ·33 S. W. 710. In the case last cited our Court of Civil Appeals for the Third District held that an iron safe, used by an insurance agent in his business, is an apparatus and tool within the meaning of the statute in question. An examination of the statute will disclose that the exemption is not confined to such tools and apparatus as are necessary to any trade or profession, but rather includes all tools and apparatus belonging to any trade or profession. A proper observance of this distinction will, we think, explain the apparent conflict in the conclusions announced in some of the cases. A typewriter, belonging to a physician, and used by him in the practise of his profession, has been held not to be exempt. Massie v. Atchley, 28 Tex. Civ. App. 114, 66 S. W. 582. So of a soda fountain used by its owner in the business of a confectioner (McCord-Collins Co. v. Lazarus, 50 S. W. 1048), and a buggy and harness used by a land, loan and insurance agent in his business (Cates v. McClure, 27 Tex. Civ. App. 459, 66 S. W. 224). But these cannot properly be said to belong to the respective trades or professions of the owners claiming the exemptions. In the present case, if the pool tables are "tools" or "apparatus" undoubtedly they belong peculiarly to the business of one engaged in running a pool hall. We think, under the liberal rule indicated by our decisions, the tables are included in the generic and comprehensive term "apparatus," and there remains only to be considered whether or not the business of appellee is a "trade" or "profession." The case of Betz v. Maier, already cited, is especially luminous on this point. The authorities are there reviewed at great length, and the conclusion reached that the words "trade" and "profession" include the business of an insurance agent. As already seen, our Supreme Court has held them to include the business of publisher of a newspaper. The business of running a pool hall is legitimate and licensed by law. We have no doubt but that one engaged in that business is following a "trade" or "profession" within the meaning of our exemption statute. Therefore, we hold that the trial court committed no error in deciding for appellee. The evidence does not show such abandonment of the tables as would forfeit appellee's right to his exemption.

The judgment is affirmed.

CONNER, C. J. (dissenting). The writer is unable to concur in the conclusions of the majority. In .his opinion the clause of .the exemption statute quoted by them has been given a latitude never originally intended by the Legislature, and not to be justified by the rule of liberal construction properly given such statutes. We have a general law which declares that words shall be given their ordinary signification, except in certain cases not here applicable. See Revised Statutes, article 5502. The words "trade," "profession," "business," "employment," "occupation," "tools," "apparatus," "implements," "furniture," "instruments," and the like, have differing and well-understood meaning, and the Legislature must have meant something by the limitation so carefully and plainly made. If it had been intended to include every person engaged in any character of business, employment, or avocation, why was it not so stated? Or if intended to protect any and every character or species of property why use restricted terms? Why not have used general terms, clearly comprehending every kind of property used in any way, in any avocation or employment?. But in neither case was this done. The statute under consideration in terms extends its protection only to "all tools, apparatus and books belonging to any trade or profession." To include the running of a "pool room" and resorts of like kind among the "useful trades" or "professions" requires a very pronounced stretch of liberality in the use of the English language, and to go yet further and say that the "pool table" is a "tool" or an "apparatus" seems like a perversion of terms or judicial legislation. A tool or apparatus is generally understood to be an instrument or set of instruments used by a tradesman, or by one pursuing the duties of a profession. But the keeper of a pool room merely permits others to use his tables for a stated hire, as does the livery stable keeper his carriages, or the transfer man his automobiles. I cannot think it probable that the Legislature intended to exempt from the payment of all debt, however just, these and innumerable other things that might be mentioned, which are used in the multiplied avocations of men. Nor do I think the latest expression of our Supreme Court supports any such conclusion. See Simmang v. Penn Fire Ins. Co. 102 Tex. 39, 112 S. W. 1044, 132 Am. St. Rep. 846, where it was held that the dishes, chairs, tables, and other furniture used by a restaurant keeper were not exempt under the statute now under consideration. A number of other authorities from other states of like effect might be cited, but which for want of time will not be reviewed. I now content myself merely with the foregoing brief statement as a reason for nonconcurrence with the majority.