## In re KESSLER.

(District Court, N. D. Texas, at Dallas. November 11, 1924.)

No. 2102.

**1. Exemptions ⬅⇒45—Iron safe of jeweler not "tool or apparatus of trade."**

An iron safe is not a "tool or apparatus" belonging to the trade of a dealer in and repairer of jewelry and watches, so as to be within Texas exemption statute.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Tools—Tools of Trade.]

**2. Courts ⬅⇒366(19)—Bankruptcy court bound by state court's construction of state exemption statute.**

Bankruptcy court is bound by construction of state's exemption statute by state's court of last resort.

In Bankruptcy. In the matter of the bankruptcy of Herman Kessler. On review of referee's order denying an exemption. Order confirmed.

Emil Corenbleth, of Dallas, Tex., for bankrupt.

B. F. Word and Allen Charlton, both of Dallas, Tex., for the landlord.

H. A. Jandrew, of Dallas, Tex., for the trustee.

MEEK, District Judge. This is a proceeding to have an order entered by the referee in bankruptcy in charge of the proceeding reviewed by the judge.

[1] The bankrupt is aggrieved at the order entered denying him the right to hold an iron safe exempt, he claiming such safe as exempt to him in this bankruptcy proceeding under the Texas statute (Vernon's Sayles' Ann. Civ. St. 1914, § 3785) exempting from forced sale all tools, apparatus, and books belonging to any trade or profession.

The bankrupt is a jeweler, and it appears he used this iron safe to store watches and jewelry left with him for repair. The facts are agreed to between the attorney for the bankrupt and the trustee of his estate. The bankrupt is a married man and head of a family. His business up to a year ago last March was exclusively the repairing of watches and jewelry. At this time he purchased a stock of watches and jewelry and began business for himself, selling watches and jewelry, and still continuing to repair watches and jewelry. Prior to the time he laid in his stock of goods, he rented a place in connection with another party, who furnished him a safe within which to keep any valuables or property left with him for repair. When he commenced the jewelry business for himself, he took a room where he had exclusive possession, and at this time he purchased this safe. He kept watches and jewelry he had for sale and also the watches and jewelry left with him for repair in this iron safe for safe-keeping.

After considering the question, the referee adjudged the bankrupt was not entitled to the safe, and directed the trustee to take possession of and sell this safe, and that the proceeds of the sale, together with

other funds, be distributed to the creditors in conformity with the bankruptcy law.

The bankrupt mainly relies upon the case of Betz v. Maier, 12 Tex. Civ. App. 219, 33 S. W. 710, Court of Civil Appeals of Texas, for judicial support of his contention here. In that case an iron safe which was used by an insurance agent to store his policies and other papers was held exempt from execution as a tool or appliance under this statute. However, since the decision in the case of Betz v. Maier, there have been a number of cases in which appellate courts of Texas, including the Supreme Court, have narrowed the construction placed upon this statute relating to exemptions. Under the later decisions of the appellate courts of Texas, a safe in which valuables are stored for safety cannot be said to be a tool or appliance in the sense that these terms are used in this statute. A tool or apparatus to belong to a trade or profession must be peculiarly essential to the use of said trade or profession.

Judge Pleasants, speaking for the Court of Civil Appeals of Texas in Hammond et al. v. McFarland, 161 S. W. 47, holds that an ice box and refrigerator used by a butcher are not tools or apparatus belonging to his trade, and therefore cannot be exempt to the butcher under this statute. As Judge Pleasants in this opinion states the law as it obtains to-day by the construction of our appellate courts, I will quote at some length from his decision, as follows:

"Under the very liberal construction which the courts have generally given remedial statutes of this kind (vide Betz v. Maier, 12 Tex. Civ. App. 219, 33 S. W. 710, and cases cited in that case), we would, if the question was an open one in this state, hold that the refrigerator or ice box in which appellee kept his meat, and which the evidence shows was necessary and essential to a proper conduct of the butcher's trade in this climate, was a tool or apparatus belonging to such trade; but we do not think a cash register under any proper construction of the statute could be called a tool or apparatus belonging to the trade of a butcher. Wallace v. Bartlett, 108 Mass. 52; Bequillard v. Bartlett, 19 Kan. 382, 27 Am. Rep. 120; McCord-

Collins v. Lazarus, 50 S. W. 1048; Smith v. Horton, 19 Tex. Civ. App. 28, 46 S. W. 402.

"The question presented by this appeal has, we think, been settled by our Supreme Court in the case of Simmang v. Insurance Co., 102 Tex. 39, 112 S. W. 1044, 132 Am. St. Rep. 846. In that case the Supreme Court holds that a cash register and ice box or refrigerator used by a restaurant keeper in conducting his restaurant are not exempt from forced sale as tools or apparatus belonging to the trade of a restaurant keeper. It is conceded in the opinion in the case cited that the keeping of a restaurant is a trade in the purview of the statute, and the evidence showed that the articles named were used in carrying on said trade. We think it a matter of which the courts could take judicial notice that in this climate an ice box or refrigerator is not only useful and convenient but essentially necessary in conducting a restaurant. It is just as necessary and essential for a restaurant keeper to have an ice box in which to keep food he prepares for his customers, as it is for a butcher to have such a receptacle in which to keep the meats butchered or cut up by him. If an ice box is not a tool or apparatus belonging to the trade of a restaurant keeper, it is not one belonging to the trade of a butcher. This is just as true of a cash register."

As said by the attorney contesting the bankrupt's right to keep the iron safe, an iron safe is not necessary to the jewelry business; it is merely a convenience and is not peculiar to the jewelry trade. A place to store one's wares is not a tool or apparatus any more than a house is a tool or apparatus. The bankrupt's iron safe does not come within the meaning of "tools" or "apparatus" as belonging to his trade of being a jeweler under the above decision of the Texas courts.

[2] As this court is controlled by the construction placed upon this statute by the controlling decisions of courts of last resort in Texas, I think the referee in bankruptcy in denying this iron safe to the bankrupt ruled correctly, and therefore the order made by the referee to have the trustee of the bankruptcy estate take and sell this iron safe is confirmed.