## MOORE et al. v. NEYLAND.
### No. 6111.

Court of Civil Appeals of Texas. Texarkana.
April 29, 1944.

Rehearing Denied May 4, 1944.

Suiter, Suiter & Cain, of Winnsboro, for appellants.

Jones & Jones, of Mineola, for appellee.

HARVEY, Justice.

This suit in the nature of a trial of the right of property was filed in the District Court of Wood County by E. L. Neyland, claimant, against Mrs. Alma Moore, and under the direction of the court issues were filed by the respective parties and the case docketed under the style of Alma Moore, Plaintiff, v. E. L. Neyland, Defendant. The plaintiff's issues alleged that the property in controversy was real estate which had been levied upon and sold under executions issuing out of money judgments in favor of Mrs. Alma Moore against Horace Martin, and that such property was subject to sale under the executions as property belonging to Horace Martin. Mrs. Alma Moore, appellant, was the purchaser of the property at the sale under the executions.

The defendant, E. L. Neyland, submitted issues setting out in substance that he was the owner of the property described in his affidavit, by reason of his having purchased it from Horace Martin, the owner, on the 7th day of October, 1937, before the levy of the executions thereon; that he had an option of sixty days from that date in which to complete the purchase, and that he had exercised his option and completed the purchase on the 6th day of December, 1937. The claimant further alleged that the property levied upon by plaintiff was exempt to Horace Martin by reason of its being his business homestead, and therefore the execution purchaser, Mrs. Alma Moore, did not receive any legal title by reason of the sale under the execution.

The court overruled exceptions of the plaintiff to the effect that the issues submitted by the defendant were not sufficient to present a case under the statutes governing a trial of the right of property, and the case was tried before a jury. After the introduction of evidence was completed, the court instructed a verdict in favor of the defendant (claimant), to which action of the court notice of appeal was given by the plaintiff, Mrs. Alma Moore.

In 1923, J. P. Donaldson leased a tract of land to Horace Martin with an option of renewal from year to year by the payment of a stipulated sum. The lease contract also provided that any buildings, tanks, or other equipment placed upon the leased premises should be the personal property of Martin, removable at the expiration of the lease, and should not become a part of the real estate. In 1930 another lease for a 10-year term was made to Horace Martin by G. M. Hodges, the business partner of J. P. Donaldson, containing similar provisions. The property involved in this suit was erected upon the leased tract of land by Horace Martin.

The trial judge in his findings of fact found that from 1930 to September 7, 1937, Horace Martin was a married man with children and used the leased tract of land, with the tanks and other equipment located on it, in the conduct of his business of selling oil, gasoline, and other products of The Texas Company, which was his only occupation; that such property was adapted to and necessary in carrying on the trade of Horace Martin, and that it could be readily moved without injury to the realty. In addition the trial judge found that on October 7, 1937, Horace Martin gave a sixty-day written option of purchase on the leased premises to E. L. Neyland for a recited consideration, and that on December 6, 1937, the said E. L. Neyland exercised his option and purchased the property, without knowledge of any debts due Mrs. Alma Moore by Martin; that on October 13, 1937, Mrs. Alma Moore caused an execution to be issued upon a judgment in her favor against Horace Martin and levied upon the property involved in this suit, the sale under such execution having been enjoined and the injunction later dissolved; that after the dissolution of the injunction the property was re-advertised for sale at the court house door in Quitman, Wood County, Texas, and Mrs. Alma Moore became the purchaser at such sale.

■■ In determining whether the property levied upon was realty or personalty we must look to the intention of the lessor and lessee in their dealing with such property. In this state it is a well-established principle of law that property placed on the land of another, though attached to the realty, by agreement or contract may retain its status as personalty and be removable upon the termination of the lease or such other contingencies provided for in the contract. Meers v. Frick-Reid Supply Corp., Tex.Civ.App., 127 S.W.2d 493; O'Neil v. Quilter, 111 Tex. 345, 234 S.W. 528; C.J.S. vol. 36, Fixtures, § 2, p. 894. This court in the case of Shelton v. Piner, Tex.Civ.App., 126 S.W. 65, 66, states the rule thus: "Whether a building that is easily movable and so constructed is to become a permanent accession of the freehold depends upon the intention of the parties. * * * It must be held as a matter of law that the building was the personalty of the tenant by reason of the intention of the parties." In the instant case we hold that the property in question is personalty, and perforce a suit of the trial of the right of property was the proper proceeding on the part of the buyer who claimed the title thereto.

■ We are of the opinion that the trial judge was correct in holding that the premises used by Horace Martin in conducting his wholesale gasoline station constituted the business homestead of Martin, even though such premises was leased property. Beckner v. Barrett, Tex.Civ.App., 81 S.W.2d 719; First Nat. Bank of Kaufman v. Dismukes, Tex.Civ.App., 241 S.W. 199.

660

■ The tanks, pumps, warehouses, and other equipment used by Horace Martin in the conduct of his business, adapted to and necessary in carrying on such vocation, come within the purview of Article 3832, Sub. 5, R.C.S. of Texas, Vernon's Ann.Civ.St. art. 3832, subd. 5, which exempts to every family "all tools, apparatus and books belonging to any trade or profession." Harris v. Todd, Tex.Civ.App., 158 S.W. 1189 (pool tables used in the operation of a pool hall held to be exempt); Betz v. Maier, 12 Tex.Civ.App. 219, 33 S.W. 710 (an iron safe used by an insurance agent in his business); Green v. Raymond, 58 Tex. 80, 44 Am.Rep. 601 (printing press, type, cases, etc., of a publisher). We quote from the last case cited:

"The settled policy has ever been to make liberal exemptions of property from forced sale in this state. That liberality has been extended from time to time, until to-day Texas, in this particular, surpasses all the other states of the American Union. * * *

"It has not been the policy of the judicial department to restrict this liberalizing tendency of the law-making power by a strict construction of these laws; on the contrary, they have been 'liberally construed with a view to effect their objects and to promote justice.'"

Fore v. Cooper, Tex.Civ.App., 34 S.W. 341 (barber chairs, tables, mirror used in conducting barber shop); Lopez v. Naegelin, Tex.Civ.App., 59 S.W.2d 844 (machinery operated by electricity, oven, tables, counters, etc., used in baking business, held to be exempt); Hinckley-Tandy Leather Co. v. Hazelwood, Tex.Civ.App., 35 S.W.2d 209 (cobbler's finishing machine, operated by electric motor and which could not be operated by hand, held exempt as apparatus within the statute); In re Pagel Electric & Ice Co., D.C., 14 F.2d 974 (electric light plant, poles, wires, etc.); Huebsch Mfg. Co. v. Coleman, Tex.Civ.App., 113 S.W.2d 639 (tumbler used in drycleaning business).

■ The tanks, warehouses, pumps, pipes, and other property involved herein being exempt to Horace Martin as apparatus necessary in conducting his business, used in and adapted to such business, it follows that no title to this property passed to Mrs. Alma Moore by virtue of her purchase thereof at the sale under the executions. E. L. Neyland acquired a valid title to the property by reason of his purchase from Horace Martin.

In view of the disposition of this case on the grounds discussed herein, other points presented by the appellant become immaterial and they are overruled.

The trial court having correctly instructed a verdict in favor of E. L. Neyland, claimant, the judgment of such court is in all things affirmed.