In re Robert Wayne ENGLAND and
Wife, Teresa Sue Ecker
England, Debtors.

Robert Wayne ENGLAND and Wife,
Teresa Sue Ecker England,
Plaintiffs,

v.

FIRST NATIONAL BANK OF
BONHAM, Defendant.

Bankruptcy No. 480–00537.
Adv. No. 480–0172.

United States Bankruptcy Court,
N. D. Texas,
Fort Worth Division.

Aug. 11, 1982.

Thomas Powers, Fort Worth, Tex., for plaintiff.

J. K. Skillern, Fort Worth, Tex., for defendant.

## MEMORANDUM OPINION

JOHN FLOWERS, Bankruptcy Judge.

Debtor listed a screw machine used in his machine shop as exempt under Texas law and later filed a complaint to avoid a lien on the machine under 11 U.S.C. § 522(f). The lien secures the First National Bank of Bonham and is a nonpossessory, nonpurchase-money security interest. The Bank objects to the lien avoidance alleging the screw machine is not exempt.

█ The threshold question is whether the Bank, which has not filed an objection to the Debtor's exemption, may contest the exempt status of an asset in a § 522(f) action. The Bank argues the issue of exemption is timely brought; the Bankruptcy Code imposes no mandatory time period within which to object to an exemption. Bankruptcy Rule 403 which provided that an objection must be filed within fifteen days of the Trustee's report on exemptions is inapplicable because it is inconsistent with the Code since such a report is no longer required.[1] *In re Waters*, —— B.R. —— (Bkrtcy.N.D.Tex.1982); 3 Collier on Bankruptcy ¶ 522.02 (15th ed. 1981); 1 Norton Bankruptcy Law and Practice § 26.54 (1981).

█ Other courts have allowed a creditor to contest the validity of a claimed exemption in a § 522(f) action. See *In re Yparrea*, 16 B.R. 33 (Bkrtcy.N.M.1981) and *In re*

*Hackett*, 13 B.R. 755 (Bkrtcy.E.D.Pa.1981). As the *Hackett* court observed, equity dictates the debtor should not be allowed exemptions to which he is not entitled. Therefore, I will consider the validity of the exemptions.

Is a five and a half ton fully automated screw machine having a value between $9,000 and $12,000 exempt under Vernon's Ann.Civ.St.Art. 3836(a)(2) as a tool, equipment or apparatus used in a trade or profession? Two factors must be considered in determining whether so complex and expensive a machine is exempt: the trend in present caselaw and the 1973 amendment of the exemption statute.

The applicable caselaw, all of which was decided under the now repealed version of the exemption statute, is divided into two conflicting lines of authority representing a restrictive and a liberal interpretation of the exemption statute. The restrictive view can be traced to *Willis v. Morris*, 66 Tex. 628, 1 S.W. 799 (1886) which stated that tools of trade are only those simple implements used by hand. Apparatus is defined more broadly and may include minor machinery operated by hand.[2] Under this view an electrically powered complex screw machine would not be exempt. However, *Green v. Raymond*, 58 Tex. 80 (1882), often cited by Texas courts representing the liberal view, stated it is the settled policy in Texas to make liberal exemptions. The *Green* court exempted a printing press, type and type case belonging to a newspaperman.[3] Under the liberal view, tools and

---

1. Local Rule 4005 which provides that an objection to the debtor's claimed exemptions must be filed within fifteen days after the first meeting of creditors became effective after the first meeting scheduled in this case and is therefore inapplicable.

2. See also *Comer v. Powell*, 189 S.W. 88 (Tex. Civ.App.—Amarillo 1916, no writ hist.); *Thresher v. McEvoy*, 193 S.W. 159 (Tex.Civ. App.—Galveston 1917, writ dism'd.); *In re Turrentine and Thompson*, 6 F.Supp. 490 (D.Ct.N. D.Tex.1934); *In re McFrancis*, 22 F.Supp. 581 (D.Ct.S.D.Tex.1938); *McGehee v. Smith*, 163 S.W.2d 730 (Tex.Civ.App.—Amarillo 1942, no writ hist.); *McMillan v. Dean*, 174 S.W.2d 737

(Tex.Civ.App.—Austin 1943, writ ref'd. w. o. merit).

3. Cases following the liberal view include *St. Louis Type Foundry v. Taylor*, 35 S.W. 691 (Tex.Civ.App.1896, no writ hist.); *Harris v. Townley*, 161 S.W. 5 (Tex.Civ.App.—Austin 1913, no writ hist.); *Hinckley-Tandy Leather Co. v. Hazelwood*, 35 S.W.2d 209 (Tex.Civ.App. —Eastland 1931, no writ hist.); *Lopez v. Naegelin*, 59 S.W.2d 844 (Tex.Civ.App.—Beaumont 1933, no writ hist.); *Huebsch Mfg. Co. v. Coleman*, 113 S.W.2d 639 (Tex.Civ.App.— Amarillo 1938, no writ hist.); *Moore v. Neyland*, 180 S.W.2d 658 (Tex.Civ.App.—Texarkana 1944, no writ hist.); *Commercial Credit Corp. v. Patterson*, 248 S.W.2d 965 (Tex.Civ.

apparatus belonging to a trade include machinery used in the trade regardless of cost, size or power source. McKnight, *Modernization of Texas Debtor-Exemption Statutes Short of Constitutional Reform*, 35 Tex. Bar J. 1137 (Dec.1972). Later case law demonstrates a return to the liberal view. This trend is not conclusive however, since no Texas court has held as complicated a machine as the one in question exempt and indeed some courts following the restrictive view have denied exemption of such machinery. See *McMillan v. Dean*, 174 S.W.2d 737 (Tex.Civ.App.—Austin 1943, writ ref'd. w. o. merit) and *In re Turrentine and Thompson*, 6 F.Supp. 490 (D.Ct.N.D.Tex. 1934).

The determinative factor is the 1973 revision of the statute which made several important changes in the old exemption provisions. The current statute provides: "Personal property (not to exceed an aggregate fair market value of . . . $30,000 for a family) is exempt . . . if included among the following: (2) all of the following which are reasonably necessary for the family . . .: tools, equipment, apparatus (including a boat) . . . used in any trade or profession . . . ." Foremost among the changes, there is now a monetary limit on the personal property exemption allowed to a debtor whereas no limit was imposed under the repealed art. 3832. The monetary limit answers the concerns of the *Turrentine* and *McMillan* courts, supra, which observed that once courts began allowing the exemption of complex machinery, there was no stopping point. The legislature has now imposed a limit—a generous limit to be sure but a limit nonetheless. Furthermore, language changes in the new statute are important considerations. The current statute exempts tools, equipment and apparatus whereas the repealed version exempted only tools and apparatus. The inclusion of "equipment" indicates a legislative intent to broaden the category of exempt items. Also the current statute exempts those items used in any trade or profession while the repealed statute exempted those items

belonging to a trade or profession. "Belonging to a trade or profession" was construed by several Texas courts as including only those items that properly belong to and are essential to conducting the business. See *In re Kessler*, 2 F.2d 284 (D.Ct.N.D.Tex.1924); *Cates v. McClure*, 27 Tex.Civ. App. 459, 66 S.W. 224 (1901, writ ref'd.) *Smith v. Horton*, 19 Tex.Civ.App. 28, 46 S.W. 401 (1898, writ ref'd. 92 Tex. 21, 46 S.W. 627). The current "used in any trade or profession" language is more inclusive than the "belonging to" test and indicates a departure from the case law that an item must be peculiar to a trade or profession to be exempt.

■■■ The current statute exempts only tools, equipment and apparatus reasonably necessary for a family. The test is obviously subjective. I interpret it to mean those items which allow the debtor to conduct his trade or profession in approximately the same manner after bankruptcy as he did before bankruptcy. The screw machine allows Debtor to bid for and complete large output jobs that he could not complete without the screw machine. Exemption of the screw machine allows the Debtor to continue his business as he did before his petition in bankruptcy was filed. I therefore find that the screw machine is exempt.

■■■ The Bank's third point is that even if the screw machine is exempt under state law, Congress intended § 522(f) allowing the avoidance of liens to work in conjunction with the federal exemption provisions found in § 522(d). Under § 522(d), a debtor's exemption of tools of trade is limited to $750.00. Therefore, Congress intended to allow the debtor to avoid a lien on tools of trade only to the extent of $750.00. However, § 522(f) provides for the avoidance of a lien impairing an exemption to which the debtor is entitled under § 522(b). Section 522(b)(2)(A) allows the debtor to claim exemptions provided by state law. Statutory construction therefore allows the debtor to avoid liens on exemptions provided by state law and is in no way limited to the federal

App.—Austin 1952, writ ref'd n. r. e.); *Meritz*  *v. Palmer*, 266 F.2d 265 (5th Cir. 1959).

exemption provisions. See 3 Collier on Bankruptcy ¶ 522.29[1] (15th ed. 1982).

I find the Debtor's screw machine is exempt as provided by Vernon's Ann.Civ.St. Art. 3836(a)(2) and the lien is avoided under § 522(f). It is so Ordered.

Dated on the 11th day of August, 1982.