**Patrick SEGRAVES, Appellant,**

v.

**Dennis WEITZEL & Timothy G. Chovanec, Appellee.**

**No. 2–86–217–CV.**

Court of Appeals of Texas, Fort Worth.

Aug. 18, 1987.

Rehearing Denied Sept. 2, 1987.

Lane, Ray, Getchell, Farris & Schleier and Donald H. Ray, Fort Worth, for appellant.

Law Offices of Leeper, Priddy and Chovanec and Laurance L. Priddy, Fort Worth, for appellee.

Before FENDER, C.J., and BURDOCK and FARRIS, JJ.

OPINION

BURDOCK, Justice.

This appeal arises from a suit for wrongful execution on personal property. Appellee and cross-appellant, Timothy Chovanec, an attorney, had instructed a levying officer to seize appellant Patrick Segraves' personal property in order to satisfy a judgment Chovanec's client, Dennis Weitzel, had obtained against Segraves.

At the trial of Segraves' wrongful execution claim, the jury awarded Segraves $800 actual damages and $5,000 exemplary damages against Chovanec. The trial court granted a directed verdict for Weitzel. It also granted Chovanec's Motion for "Judgment Non Obstante Veredicto," in part, by awarding Segraves only the $800 in actual damages and denying his recovery of the exemplary damages. Both Segraves and Chovanec now appeal the trial court's judgment. We reverse and render in part and affirm in part.

In his sole point of error, appellant Segraves alleges the trial court erred in not awarding him the exemplary damages assessed by the jury. In two counterpoints, appellee Chovanec contends there is no evidence, or alternatively, insufficient evidence to support the jury's award of exemplary damages.

Appellee also asserts seven cross-points which claim the trial court erred: 1) by entering a judgment against him for actual damages because Segraves failed to prove the property levied on was exempt as a matter of law, and in fact, the subject

matter of the levy was non-exempt as a matter of law; 2) in submitting an incorrect definition of "exempt property" to the jury; 3) by failing to submit an issue inquiring if the property was necessary for the Segraves family; 4) in limiting Chovanec's jury argument; and 5) by improperly granting Weitzel's motion for directed verdict.

The following facts apply to all points of error asserted by the parties to this lengthy and bitter dispute. Chovanec represented Weitzel in his suit against Segraves for false representations Segraves made when Weitzel bought a home from him. Weitzel recovered a $3,866 judgment in that action. Segraves subsequently appealed the judgment, without posting a supersedeas bond pursuant to TEX.R.APP.P. 47(a). Chovanec testified that shortly after the trial court judgment became final, he learned Segraves planned to move to Florida.

At trial, Segraves testified he was an architect with some real estate investments. Testimony also showed Deputy Sheriff William Archa appeared at Segraves' office at 8:00 a.m. on May 23, 1984, to levy on office furniture in order to satisfy Weitzel's judgment against Segraves. When Segraves raised the issue of exemptions, Archa left. He later returned with Chovanec. When Segraves came back to his office during the noon hour, he discovered most of his office furniture had been removed.

Chovanec testified he knew Segraves was an architect. Therefore, he had instructed the deputy and the movers not to move the drafting table, any work in progress, files, or anything inside the furni-

ture pertaining to architecture. Later, after consulting with Weitzel, Chovanec discontinued the levy and had the furniture moved back into Segraves' office. The record reflects the furniture which had initially been moved out of the office at Chovanec's direction consisted of: desks, a storage cabinet, chairs, a lamp, a file cabinet, tables, a basket, a brass clock, and storage bins.

■ The threshold issue to be determined in this appeal is whether office furniture used in connection with the work of an architect is exempt from execution. Section 42.002 of the Texas Property Code sets forth the type of personal property which is exempt from seizure for the satisfaction of debts. That section provides, in part:

> The following personal property is eligible for exemption:
>
> (3) if reasonably necessary for the family or single adult:
>
> (B) tools, equipment, books, and apparatus, including a boat, used in a trade or profession;

TEX.PROP.CODE ANN. sec. 42.002(3)(B) (Vernon 1984).

Texas case law interpreting this section and its predecessor statutes establishes two conflicting lines of authority in this area. They are referred to by writers as the restrictive view and liberal view. *See* Baggett, *General Consideration In Texas Foreclosure Law and Practice*, secs. 16.11, 16.74 (1984);[1] *see generally* McKnight, *Modernization of Texas Debtor-Exemption Statutes Short of Constitutional Reform*, 35 Tex.B.J. 1137 (1972).[2]

---

1. Some examples of the restrictive view set forth in *In re England*, 22 B.R. 389 (Bankr.N.D. Tex.1982) are: *Willis v. Morris*, 66 Tex. 628, 1 S.W. 799 (1886); *Comer v. Powell*, 189 S.W. 88 (Tex.Civ.App.—Amarillo 1916, no writ); *Thresher v. McEvoy*, 193 S.W. 159 (Tex.Civ.App.—Galveston 1917, writ dism'd); *McGehee v. Smith*, 163 S.W.2d 730 (Tex.Civ.App.—Amarillo 1942, no writ); *McMillan v. Dean*, 174 S.W.2d 737 (Tex.Civ.App.—Austin 1943, writ ref'd w.o.m.); *In re Turrentine and Thompson*, 6 F.Supp. 490 (N.D.Tex.1934); *In re McFrancis*, 22 F.Supp. 581 (S.D.Tex.1938).

2. Some examples of the liberal view set forth in *England, supra,* are: *Green v. Raymond*, 58 Tex.

80 (1882); *St. Louis Type Foundry v. Taylor*, 35 S.W. 691 (Tex.Civ.App.1896, no writ); *Harris v. Townley*, 161 S.W. 5 (Tex.Civ.App.—Austin 1913, no writ); *Hinckley-Tandy Leather Co. v. Hazelwood*, 35 S.W.2d 209 (Tex.Civ.App.—Eastland 1931, no writ); *Lopez v. Naegelin*, 59 S.W.2d 844 (Tex.Civ.App.—Beaumont 1933, no writ); *Huebsch Mfg. Co. v. Coleman*, 113 S.W.2d 639 (Tex.Civ.App.—Amarillo 1938, no writ); *Moore v. Neyland*, 180 S.W.2d 658 (Tex.Civ.App.—Texarkana 1944, no writ); *Commercial Credit Corp. v. Patterson*, 248 S.W.2d 965 (Tex.Civ.App.—Austin 1952, writ ref'd n.r.e.); *Meritz v. Palmer*, 266 F.2d 265 (5th Cir.1959).

Segraves has referred us to *McBrayer v. Cravens, Dargan & Roberts*, 265 S.W. 694 (Tex.Comm'n App.1924, opinion adopted), in support of the principle embodied in the liberal view that office furniture used by a professional person should be exempt. In *McBrayer*, the trial court held that books, bookcases, a desk, filing cabinet, chairs, and rugs were necessary and proper equipment in a law office. Therefore, the items were exempt from execution, even though the attorney's law license had been suspended. *Id.*

*Baggett, supra*, cites *Moore v. Neyland*, 180 S.W.2d 658 (Tex.Civ.App.—Texarkana 1944, no writ), as authority for the liberal view. That case states equipment necessary to carry on the business of the debtor includes "tools, apparatus and books belonging to any trade." *Id.* at 660. In *Moore*, the court decided removable tanks, warehouses, pumps, and pipes were exempt from execution as apparatus necessary in conducting the business of selling oil and gasoline products. *Id.*

Recently, in *In Re England*, 22 B.R. 389 (Bankr.N.D.Tex.1982), the liberal view was extended to include an electronically powered screw machine worth between $9,000 and $12,000. *Id.* at 390, 392. The court reasoned that under the 1973 amendments to article 3832, the Legislature had sought to limit the scope of the exemption by placing a monetary limit on the personal property exemption allowed to a debtor, while simultaneously broadening it by including the word "equipment" in the statutory language. *Id.* at 391. Additionally, the court interpreted the replacement of the phrase "belonging to a trade or profession" with the current language "used in any trade or profession" as a departure from precedent which held an item must be peculiar to a trade or profession to be exempt. *Id.* The court in *England*, however, cites no authority for its position and we find none.

Another bankruptcy case, *In Re Trainer*, 56 B.R. 21 (Bankr.S.D.Tex.1985), involved a debtor who was an over-the-road trucker seeking an exemption for his truck-tractor and trailer. Although the debtor wished to avoid the lien under Title 11 U.S.C. Section 522 et seq., the trial court looked to Texas law for guidance in interpreting that statute, as Congress had not defined "tools of the trade" for purposes of the Bankruptcy Code. *Id.* at 22.

The *Trainer* court was persuaded in part by the reasoning in *McMillan v. Dean*, 174 S.W.2d 737 (Tex.Civ.App.—Austin 1943, writ ref'd w.o.m.). In *McMillan*, the court refused to apply the exemption statute to four trucks owned by a trucker under the rationale that they were exempt as "tools, apparatus and books belonging to a trade or profession." *Id.* at 739–40. In so holding, the court stated "tools or apparatus as belonging to a trade" did not extend to articles or things merely useful to a trade or profession. The *McMillan* court also held the exemption statute was not intended to encompass general commercial pursuits which do not require some skill. *Id.*

The "restrictive view" has been applied to professionals, as well as to commercial enterprises such as those before the courts in *McMillan* and *Trainer*. Early on, in *Massie v. Atchley*, 66 S.W. 582 (Tex.Civ.App.—Dallas 1902, no writ), the Dallas Court of Appeals held a typewriter was not a tool or apparatus belonging to the profession of a physician. *Id.* at 583. Similar to the testimony here, the doctor had argued the typewriter was necessary for him to conduct correspondence throughout many counties in the state. *Id.* at 582. The court determined correspondence is not an act that constitutes the practice of healing diseases and prescribing remedies. In making this determination, the court held the typewriter was a convenience, which did not automatically make it a tool or apparatus of the medical profession. *Id.* at 583.

The principle announced in *Massie* is more clearly stated in the bankruptcy case of *In re Kessler*, 2 F.2d 284 (N.D.Tex.1924). In *Kessler*, the court refused to permit a jeweler to exempt a safe used to store watches and jewelry brought to him for repair, because "an iron safe is not necessary to the jewelry business; it is merely a convenience." *Id.* at 285. The *Kessler*

court further held: "[a] tool or apparatus to belong to a trade or profession must be peculiarly essential to the use of said trade or profession." *Id.*

The Supreme Court of Texas adopted the restrictive view in *Simmang v. Pennsylvania Fire Ins. Co*, 102 Tex. 39, 112 S.W. 1044 (1908). In that case, the Court held shelving, safes, furniture, tableware, and kitchen utensils used in the operation of a restaurant were not exempt from execution. *Id.* at 1045. The Court adopted the language of *Frank v. Bean*, 3 Willson, Civ.Ct.App. 258, by stating: "[s]uch property does not come within the meaning of tools or apparatus, as used in the statute of exemptions and cannot be claimed as exempt.... The common signification of said words does not embrace furniture used in hotels and restaurants." *Simmang*, 112 S.W. at 1045.

In applying the restrictive view to general office furniture such as the kind involved in this case, the court in *Meritz v. Palmer*, 266 F.2d 265 (5th Cir.1959), held the exemption applies to tools or apparatus fairly belonging to or usable in a trade and does not extend to articles such as furniture, fixtures, and other equipment which have a merely general value and use in setting up a business. *Id.* at 268–69.

After a careful review of the authorities offered by the litigants and those discovered as a result of our research, we believe the restrictive view prevails in Texas. Therefore, we hold the trial court erred when it overruled appellee Chovanec's motion for judgment non obstante veredicto and entered judgment in favor of appellant Segraves for $800 in actual damages. We sustain Chovanec's second cross-point of error. By sustaining this cross-point, we need not discuss appellee's remaining cross-points.

■ In his sole point of error, appellant Segraves alleges the trial court erred in not awarding him the exemplary damages found by the jury. We disagree. In disposing of Segraves' point of error, we will sustain Chovanec's first counterpoint, which alleges there was no evidence to support the jury's finding on exemplary damages. Our finding that the property levied on was not exempt property renders the award of actual damages erroneous. Accordingly, we hold Segraves has suffered no damage. We realize the trial court withheld the award of exemplary damages for different reasons. However, we now hold Segraves was not entitled to exemplary damages on the basis of the well-established rule that exemplary damages are not recoverable in the absence of any recovery of actual damages. *See Wright v. Gifford-Hill & Co., Inc.*, 725 S.W.2d 712, 714 (Tex.1987); *Luce v. Singdahlsen*, 636 S.W.2d 571, 575 (Tex.App.— Fort Worth 1982, writ ref'd n.r.e.).

We overrule Segraves' sole point of error and sustain Chovanec's counterpoint. Costs of appeal are adjudged payable by both parties in the amount of 50%, as applied to each.